SOUTHERN BREWING COMPANY v. ROBERT G. CARROLL.

175 So. 337.
Opinion Filed June 2, 1937.
Rehearing Denied July 13, 1937.

*McKay, MacFarlane, Jackson & Ramsey,* for Plaintiff in Error;

*Wylie & Warren,* for Defendant in Error.

BUFORD, J.—The defendant in error was plaintiff in the court below and sued Southern Brewing Company, the defendant. The declaration was in two counts, and alleged in the first count: "for money payable by the defendant to the plaintiff by reason of the breach of a contract of employment," and for a second count alleged: "for that on or about May 1, 1935, the said Southern Brewing Company, acting by and through its duly authorized agents, made a contract of employment with the plaintiff herein for one year from that date; the said plaintiff to act in the capacity of contact man for the company at Jacksonville, Florida, and receive therefor the sum of $40.00 a week as compensation for his services rendered in pursuance thereof and the defendant promised the plaintiff to retain him in the said service during the period of one year, in the capacity and on the terms aforesaid and the plaintiff entered into the said service in the capacity and on the terms aforesaid and so continued therein until the 15th day of September, A. D. 1935, and was always ready and willing to continue in the said service during the remainder of the said year, whereof the defendant always had notice, yet the defendant wrongfully dismissed the plaintiff from the said service and refused to retain the plaintiff therein for the remainder of the said year and has refused to pay him for his services rendered from the 1st to the 15th day of September, A. D. 1935, whereby the plaintiff was deprived of the wages and profits which he would have derived from being in the said service."

BILL OF PARTICULARS was as follows:

"To two weeks' salary for services rendered by Robert G. Carroll to Southern Brewing Company at $40.00 per week ............................................$  80.00

"To thirty-three (33) weeks' salary from September 15, 1935, to May 1, 1936, at $40.00 per week  ................................................................$1,320.00

                                                                    $1,400.00"

Demurrer was filed to the declaration and was sustained as to the first count and overruled as to the second count with leave to amend.

Defendant filed two pleas to the second count, which were as follows:

"(1st) That it never promised as alleged.

"(2nd) That it never was indebted as alleged."

Thereafter, defendant applied to the court for leave to file additional pleas.  Leave being granted, defendant filed additional pleas as follows:

(For a third plea):

"That the plaintiff failed, refused and neglected to perform the services for which he was employed by the defendant to perform and discharge, and that by reason of his failure to so perform and discharge said services, the defendant dismissed plaintiff from its employ."

(And for a fourth plea):

"That plaintiff was employed by it to explore and contact its customers and trade in the vicinity of Jacksonville, Florida, subject to the rules and regulations promulgated and put into effect by its branch office manager there, of which plaintiff had notice, and such rules and regulations required that the plaintiff be regularly present at its said branch office and conscientiously and diligently devote his time to

the exploitation and contacting of its said customers, present and prospective; that notwithstanding said contract of employment, plaintiff failed and refused to perform such services and to render such assistance and to regularly be at such branch office and conscientiously and diligently devote his time to the exploitation and contacting of such trade and customers as was required under his said contract of employment, and in derogation thereof and contrary thereto, plaintiff failed, neglected and refused to perform said duties and rendered practically no services to the defendant, and although warned and cautioned of such action on his part, plaintiff persisted in failing to discharge his said duties.

"Wherefore, it became necessary for the defendant to, and it did, discharge plaintiff from its employ, and defendant avers that said action on its part was not unlawful or wrongful, and that plaintiff should by reason of the matters and things above alleged, be barred from recovery herein."

Trial by jury was waived. Final judgment was entered in favor of plaintiff and against the defendant for the sum of $893.36 and costs. Writ of error was taken to that judgment. There are four assignments of error, as follows:

"1. Because the court erred in overruling defendant's demurrer interposed to the second count of the declaration filed herein, upon each and every ground in said demurrer specified, as shown by its order entered on the 10th day of December, 1935, and recorded in Book 65, page 460, of the records of said Court.

"2. Because the court erred in overruling and denying defendant's motion for a new trial on each and every ground in said motion set forth and assigned.

"3. Because the court erred in rendering a verdict in

favor of the plaintiff in this cause under the pleadings and evidence introduced herein.

"4. Because the court erred at the trial of this cause in many instances in the admission and rejection of evidence, to which rulings of the court exceptions were duly taken."

The motion for new trial referred to in the assignments of error contained six grounds, as follows:

"1. Said verdict and judgment are contrary to law.

"2. Said verdict and judgment are contrary to the evidence.

"3. Said verdict and judgment are contrary to the law and the evidence.

"4. The evidence on behalf of plaintiff sustained defendant's plea of the general issue.

"5. The evidence was not sufficient to prove the contract described in the declaration.

"6. The evidence proved beyond any doubt that the plaintiff and defendant never did enter into the contract described in the declaration."

Under Amended Rule 20, the plaintiff in error has stated the question involved in the following language:

"The executive committee of a corporation at a regular meeting employed plaintiff to work for the corporation on a weekly basis and for an indefinite time. The president emerged from the meeting and told the plaintiff, who was waiting outside, that he had been employed for a term of one year. Did these facts constitute a binding contract of employment for one year?"

The resolution referred to in the above question in so far as it applied to Mr. Carroll was as follows:

"Upon motion of Mr. Fernandez, seconded by Mr. Carson, Mr. Carroll was employed as a salesman for the City of Jacksonville, at a salary of $40.00 per month and $10.00 a week for expenses."

The pleas admit the employment of the defendant. The fourth plea avers that plaintiff was employed by the defendant "to explore and contact its customers and trade in the vicinity of Jacksonville, Florida, subject to the rules and regulations promulgated and put into effect by its branch office manager there of which plaintiff had notice; and such rules and regulations required that the plaintiff be regularly present at its said branch office and conscientiously and diligently devote his time to the exploitation and contacting of its said customers, present and prospective." This shows that the plaintiff was not employed as a salesman, as stated in the resolution and when these allegations are taken in connection with the testimony it is shown conclusively that the minutes of the meeting of the Board of Directors did not correctly state the action of the Board in regard to the employment of Mr. Carroll.

The employment was evidenced by the written minutes of the corporation making the employment. It was further evidenced by both parties entering into the execution of the contract of employment. So it is certain that the plaintiff was employed by the defendant at a stated and agreed salary. The point of cleavage is, "Was the employment to be from week to week, or was it for one year?" If it was for a year and not for longer than a year from the date of employment then it was a contract to be performed "within the space of one year" and was binding, though not in writing. On this point the evidence was sharply conflicting.

There is ample substantial evidence found in the record to support the judgment. Therefore, it should be affirmed.

So ordered.

WHITFIELD, TERRELL and DAVIS, J. J., concur.

ELLIS, C. J., dissents.

BROWN, J., dissents in part.

Brown, J. (dissenting in part).—The plaintiff sued in special assumpsit for the breach of a specific contract of employment. The first plea in effect denied the making of the contract sued on. On this issue, the burden was on plaintiff to prove the contract and its breach. The allegations in the 3rd and 4th pleas did not relieve the plaintiff of this burden. Under our statute a defendant can plead inconsistent pleas. But I concur in the judgment. I think it was a jury question on the issue under the first plea.